# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | | |
|---|---|---|
| HENDRICKSON TRANSPORTATION, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 5:23-cv-06077-DGK |
| RUST CONSTRUCTORS, INC., et al., | ) ) | |
| Defendants. | ) ) | |

## ORDER GRANTING MOTION TO DISMISS

This case arises from a government contract involving emergency levee restoration in northwest Missouri for the U.S. Army Corp of Engineers ("USACE"). Plaintiff Hendrickson Transportation, LLC alleges Rust Constructors, Inc. ("Rust"), Shimmick Construction Company ("Shimmick"), and AECOM Technical Services, Inc. ("ATS") (collectively, "Defendants") withheld payment of $8,707,260 in earthmoving services it performed pursuant to a valid subcontract. Plaintiff now seeks to recover all outstanding payments based on an alleged breach of contract.

Now before the Court are the following motions: (1) Rust and Shimmick's motion to dismiss Plaintiff's complaint; (2) Rust and Shimmick's motion to stay case proceedings; and (3) ATS's motion to stay case proceedings. ECF Nos. 28, 37, 39. For the reasons discussed below, the motion to dismiss is GRANTED, and the motions to stay are DENIED AS MOOT.

## Background

In May 2020, ATS entered into a contract with USACE (the "Prime Contract") to furnish materials and labor for an emergency levee restoration project in northwest Missouri (the "Project"). Because the Prime contract was a cost-plus-fixed-fee contract, USACE provided daily

oversight and direction, including approval of work performed by ATS, Rust, Shimmick, and Rust's subcontractors. In total, the cost to complete the Project was approximately four times the original estimate.

ATS contracted with Rust, an ATS affiliate, to manage the Project. In June 2020, Rust entered into a subcontract with Plaintiff where Plaintiff agreed to furnish all labor, materials, and equipment necessary to perform earthwork operations on the Project for $2,762,298 (the "Subcontract").

The Subcontract included several provisions central to the motion to dismiss. First, the Subcontract conditions any payment to Plaintiff on Defendants' receipt of payment from USACE. Specifically, Article 6 provides: "Receipt of payment from the Customer is a condition precedent for Company's obligation to pay Subcontractor. . . . Subcontractor hereby assumes the risk of the Customer's nonpayment for Subcontractor's Work, without recourse to Company." Compl. Ex. A at 6, ECF No. 1-1. This is commonly referred to as a "pay-if-paid" provision.

Second, the Subcontract includes dispute resolution procedures for disputes involving USACE. Specifically, Article 18 provides: "All of Subcontractor's claims, controversies, or disputes concerning matters that pertain to disputes cognizable under the Disputes Clause of the Prime Contract shall be governed by the provisions of this Article 18.2;" "[a]ny final decision of the contracting officer under the Prime Contract relating to this Subcontract or Subcontractor's performance hereunder shall be conclusive and binding upon Subcontractor unless appealed and reversed;" and Defendants may "appeal any such final decision, pursuant to the Disputes Clause of the Prime Contract" and the "Subcontractor shall provide [Defendants] with reasonable assistance in the prosecution of such appeal." Compl. Ex. A at 25–26.

Plaintiff and Rust entered into eight modifications to the Subcontract increasing its overall value to $71,074,627. None of these modifications changed the terms of the Subcontract—e.g., payment or dispute resolution provisions. Further, Plaintiff entered into two other subcontracts (and modifications to them) with Rust related to highway transport and levee surfacing work. These additional subcontracts have the same payment and dispute resolution provisions noted above. Plaintiff alleges Defendants did not receive USACE approval for most of the modifications before directing Plaintiff to complete work on the Project.

In February 2021, USACE assigned a new contracting officer to the Project who questioned the reasonableness of certain expenditures, including Plaintiff's, and expressed concern about the relationship between Rust, Shimmick, and ATS. Based on these concerns, the contracting officer stopped approving all payment in June 2021. Plaintiff completed its work on the Project in January 2022 and is owed $8,707,260 in unpaid earthmoving services.

After USACE stopped making payments, ATS filed a certified claim with the contracting officer seeking payment of all outstanding payments on the Project. The contracting officer denied ATS's claim. ATS appealed the unfavorable decision to the Armed Services Board of Contract Appeals ("ASBCA"). On appeal, ATS again seeks payment of all outstanding payments on the Project, including the $8,707,260 owed to Plaintiff.

On June 22, 2023, Plaintiff filed this suit. Plaintiff's complaint asserts four counts: breach of contract (Count I); unjust enrichment (Count II); veil-piercing (Count III); and principal-agent liability (Count IV). Rust and Shimmick now move to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), or to dismiss Counts I and II pursuant to Rule 12(b)(6). Because the Court dismisses the case in its entirety under Rule 12(b)(1) on ripeness grounds, it declines to address the parties' Rule 12(b)(6) arguments.

**Standard**

Federal Rule of Civil Procedure 12(b)(1) requires the Court to dismiss a complaint if it lacks subject-matter jurisdiction to hear a dispute. In deciding a motion under Rule 12(b)(1), the Court "must distinguish between a 'facial attack' and a 'factual attack.'" *Branson Label, Inc. v. City of Branson*, 793 F.3d 910, 914 (8th Cir. 2015) (citing *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990)). Here, Rust and Shimmick make a factual attack on the Court's subject matter jurisdiction, thus the Court considers matters outside the pleadings. *See id.* 914–15 (noting "in a factual attack, the existence of subject matter jurisdiction is challenged in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered" (cleaned up)).

"The ripeness doctrine flows both from the Article III 'cases' and 'controversies' limitations and also from prudential considerations for refusing to exercise jurisdiction." *Pub. Water Supply Dist. No. 10 of Cass Cnty. v. City of Peculiar*, 345 F.3d 570, 572 (8th Cir. 2003). It is well settled that the ripeness inquiry requires the examination of both "the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Id.* at 572–73. A party seeking judicial relief must necessarily satisfy both prongs to at least a minimal degree. *Neb. Pub. Power Dist. v. MidAmerican Energy Co.*, 234 F.3d 1032, 1039 (8th Cir. 2000).

**Discussion**

Rust and Shimmick argue the Court lacks subject matter jurisdiction over this case because Plaintiff's claims are not ripe for review. Plaintiff has not shown otherwise.

**I. Plaintiff has not shown its claim is fit for judicial decision.**

"A case is fit for judicial decision when it would not benefit from further factual development and poses a purely legal question not contingent on future possibilities." *Sch. of the*

4

*Ozarks, Inc. v. Biden*, 41 F.4th 992, 998 (8th Cir. 2022) (citation omitted). Here, Plaintiff's right to payment under the Subcontract is contingent on the outcome of the ASBCA appeal. That is, Plaintiff's payment is conditioned on Defendants first receiving payment from USACE. And because Defendants have not received payment from USACE for the outstanding payments, they cannot breach a payment obligation to Plaintiff that has not yet come due.

Plaintiff argues the pay-if-paid provision is unenforceable, and thus, because payment under the Subcontract is not contingent on the ASBCA appeal, its claim is ripe. Plaintiff offers two principal arguments in support. Both are unpersuasive.

First, Plaintiff argues the motion to dismiss should be considered in light of the Miller Act, 40 U.S.C. §§ 3131–3134. The Miller Act requires contractors to obtain performance and payment bonds to protect subcontractors on federal construction contracts that exceed $100,000. 40 U.S.C. § 3131. This bond requirement, however, may be waived under certain circumstances. *See id.* § 3134(a) (noting "[t]he Secretary of the Army . . . may waive [the bond requirement] with respect to cost-plus-a-fixed fee and other cost-type contracts"). The Miller Act also provides a civil right of action for those that have "furnished labor or material in carrying out work provided for in a contract *for which a payment bond is furnished* under section 3131 of this title and that has not been paid in full." *Id.* § 3133(b)(1) (emphasis added). That is, a subtractor has a right to bring a civil action to recover under the payment bond itself. While a subcontractor can waive its right to bring a civil action on a payment bond, pay-if-paid provisions generally do not constitute a valid waiver of that right. *See id.* § 3133(c); *U.S. for Use & Benefit of Walton Tech., Inc. v. Weststar Eng'g, Inc.*, 290 F.3d 1199, 1208 (9th Cir. 2002) (finding the "pay when and if paid" clause was not valid waiver of the plaintiff's Miller Act rights). Further, the right to a civil action must be

5

exercised "no later than one year after the day on which the last of the labor was performed or material was supplied."  40 U.S.C. § 3133(b)(4).

It is unclear how the Miller Act applies to the issue of ripeness.  Pay-if-paid provisions are unenforceable only when they waive a plaintiff's right to bring a civil action under the Miller Act. But Plaintiff's complaint does not assert any rights under the Miller Act, and no payment bond was furnished on the Project, so Plaintiff has no right that the pay-if-paid provision purportedly waives.  Further, even if a payment bond was furnished, and Plaintiff's complaint asserted rights under the Miller Act, those claims would be time barred because Plaintiff completed its work in January 2022, more than a year before filing this suit.

Nevertheless, Plaintiff argues dismissal would be improper because further discovery is needed to determine whether Defendants "obtained a waiver of their Miller Bond Act requirement."  *See* Suggestions in Opp'n at 18, ECF No. 44.  But Plaintiff's complaint neither asserts rights under the Miller Act nor claims Defendants failed to obtain a statutorily required payment bond.  Considering Plaintiff's complaint, it is unclear how the need for further discovery ripens the current issue.  If anything, Plaintiff's request for further factual development suggests this case is not fit for judicial decision.

Second, Plaintiff argues the pay-if-paid provision is unenforceable because the complaint alleges Defendants materially contributed to USACE's decision to withhold payment.  That is, Plaintiff claims "if a party prevents or hinders the fulfillment of a condition precedent, that party cannot rely on the failure of the condition precedent to avoid its own obligation to perform under the contract."  *See* Suggestions in Opp'n at 22, 28–29.  While this argument may be relevant to a future dispute, it is unclear how it applies here.  The argument ignores the Subcontract's dispute resolution provision to which Plaintiff assented.  Specifically, Defendants' right to appeal an

6

unfavorable decision by the contracting officer with Plaintiff's "reasonable assistance." *See* Compl. Ex. A at 26. And because there is not a final decision from the ASBCA appeal, Plaintiff cannot satisfy its jurisdictional burden based on a speculative ASBCA ruling that withholds payment based on Defendants alleged misconduct (e.g., interference with the condition precedent).

Finally, Plaintiff fails to cite any controlling authority finding pay-if-paid provisions are presumptively unenforceable in construction contracts.[1] Plaintiff has not met its minimal burden showing its claims are fit for judicial review.

### II. Plaintiff has not demonstrated hardship.

Plaintiff claims if it "is not permitted an opportunity to conduct discovery and present its claims [in this case], [it] could find itself at risk of adverse findings in the ASBCA Appeal, to which it is not a party, with no opportunity to protect its interests." Suggestions in Opp'n at 29. This argument is unavailing. Plaintiff assented to the dispute resolution provision in the Subcontract. Simply holding Plaintiff to the terms of its agreement does not constitute a hardship sufficient to confer jurisdiction.

Accordingly, Plaintiff has not carried its burden on either prong of the ripeness analysis.

### Conclusion

For the reasons discussed above, the motion to dismiss is GRANTED and the motions to stay are DENIED AS MOOT. This case is DISMISSED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

Date: January 16, 2024              /s/ Greg Kays
                                    GREG KAYS, JUDGE
                                    UNITED STATES DISTRICT COURT

---

[1] Plaintiff cites Cal. Civ. Code § 8122 and related caselaw as evidence the pay-if-paid provision is unenforceable. But Plaintiff's appeal to California law is equally unavailing. It is unclear how California's statutory scheme requires a different result. For example, Plaintiff has not shown it is a "claimant" for purposes of § 8122. *See* Cal. Civ. Code § 80041 (defining claimant).